UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LEE SHROYER,

    Applicant,

v.                                                              CASE NO. 8:18-cv-685-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Shroyer files a paper entitled "Emergency: Writ of *Certiorari*" (Doc. 1), in which he seeks a direct review of the state court's dismissal of his *pro se* petition for the writ of habeas corpus. Shroyer represents that the dismissal was because he has counsel in the state court proceeding. Shroyer challenges the state court's not permitting him to file papers in his criminal proceedings solely because he is represented by counsel.

    A district court cannot directly review a state court's ruling because a federal district court has no supervisory or appellate jurisdiction over a state court, as *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998), explains:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923).

> Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006)[*] (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

Apparently, Shroyer's criminal proceedings as pending in state court. Shroyer's requested relief — even if a district court could review the state court's decision — would require federal intervention into the ongoing state court proceedings. The "abstention doctrine," established in *Younger v. Harris*, 401 U.S. 37, 45 (1971), generally bars a federal court from intervening in pending state court proceedings. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").

Accordingly, Shroyer's "Emergency Writ of *Certiorari*" (Doc. 1) is **DISMISSED** for lack of jurisdiction. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on March 28, 2018.

                                              STEVEN D. MERRYDAY
                                     UNITED STATES DISTRICT JUDGE